UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00340

**Ann Powers,**
*Plaintiff,*
v.
**Commissioner, Social Security Administration,**
*Defendant.*

## ORDER

Plaintiff Ann Powers filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision to deny social security benefits. Doc. 1. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b). Doc. 3.

On February 9, 2024, the magistrate judge issued a report recommending that the Commissioner's decision be affirmed and the case be dismissed with prejudice. Doc. 19. Plaintiff submitted objections on February 22, 2024. Doc. 20. The court reviews the objected-to portions of the magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1).

Plaintiff argues that in dismissing Dr. Phillips's opinion as unpersuasive, the ALJ did not adequately address whether it was consistent with and supported by the available medical evidence. Doc. 16 at 6. Plaintiff submits that Dr. Phillips provided a detailed rationale for his opinion, based on his knowledge as a medical professional, and that the ALJ failed to acknowledge or reference this rationale in the determination. Doc. 20 at 2.

In fact, the ALJ pointed to specific evidence and findings to support her conclusion that Dr. Phillips's opinion was not persuasive. Doc. 15-2 at 26. The ALJ identified objective examination findings by Dr. Phillips concerning plaintiff's joint range of motion, grip strength, gait, and neurological senses that did not support his determination that "Ms. Powers is limited in her ability to perform

strenuous work-related activities such as standing, walking, lifting, carrying, and handling objects." Doc. 15-7 at 106.

Similarly, the ALJ considered specific objective findings in the entire record, including physical examinations and x-rays, that were not consistent with a finding of significant functional limitations, deficits, or abnormalities. Doc. 15-2 at 17-29. The ALJ noted that Dr. Phillips did not define the term "limited" and failed to provide an explanation of plaintiff's functional limitations. *Id.* at 26. One does not ordinarily find "standing," "walking" and "handling objects" on a list of "strenuous work activities." And this vague determination contradicted Dr. Philips's findings that there was no inflammation in the joints of Ms. Powers's extremities or hands, no issues with her grip, and that she did not require any assistive device for ambulation. Doc. 15-7 at 106.

In view of the entire record, including other opinion evidence in the record finding that plaintiff can perform light work, the ALJ was not required to seek further assessment before making a disability decision. The ALJ properly considered Dr. Phillips' opinion, including its consistency and supportability, pursuant to the revised rules for the consideration and articulation of medical opinions for claims filed after March 27, 2017. 20 C.F.R. § 404.1520c. The ALJ's residual functional capacity determination is supported by substantial evidence.

Plaintiff also asserts that the ALJ failed to properly consider her mental impairments by including erroneous citations that affected her rights. Doc. 20 at 3. The ALJ included erroneous references to exhibit numbers that do not exist within two paragraphs of correctly identifying the same exhibits. Doc. 15-2 at 22. The errors only concern the exhibit numbers and not the information contained within the documents. Procedural perfection is not required and an administrative decision will not be vacated for a procedural error "unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). The referenced exhibits are an apparent typographical error and plaintiff has not shown that her substantial rights were affected by the error.

- 2 -

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objections and accepts the report's findings and recommendation. The court affirms the Commissioner's final administrative decision and dismisses this action with prejudice. Any pending motions are denied as moot.

*So ordered by the court on March 20, 2024.*

J. CAMPBELL BARKER
United States District Judge